# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON ANTHONY ROBINSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-1243-HE |
| TRIPLE R JANITORIAL, INC., | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Jason Robinson, proceeding *pro se*, filed this action against Defendant Triple R Janitorial, Inc., alleging racial and sex-based discrimination claims under Title VII, 42 U.S.C. §2000e-1, *et seq.* Defendant has moved for summary judgment on plaintiff's claims.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(a). Material facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* And in determining whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. Estate of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014). "[T]he plain language of Rule 56(c) mandates entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial" Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## Background[1]

Plaintiff is an African-American male who was employed by defendant. He was originally hired as a floor technician, but was later moved, at his request, to a lower-paying janitorial position due to problems with his supervisor. During his time as a janitor, plaintiff cleaned certain buildings at Fort Sill. These buildings were "leadless" buildings, meaning they did not require an entire team of janitors to clean. However, plaintiff did carry a "lead book," which is a sheet of cleaning instructions. Janitors that led cleaning teams in the buildings requiring entire teams were paid a lead janitorial wage premium, or "lead pay." Those that did not lead cleaning teams did not receive lead pay. Plaintiff never received lead pay.

On May 27, 2015, plaintiff contacted his supervisor to request cleaning supplies at the building he was cleaning. When his supervisor arrived at the building, she found plaintiff listening to music in his personal vehicle. The supervisor asked why he was not cleaning the building, and plaintiff responded that an Army officer ordered him to wait in his vehicle. The supervisor told plaintiff to clean the building, at which point plaintiff argued and raised his voice at the supervisor. The specifics of what was said are disputed, but the supervisor sent plaintiff home. He was terminated the next day.

---

[1] *Plaintiff has not attempted to dispute the bulk of the facts asserted by defendant and, as to those he does dispute, has not submitted affidavits or other materials supporting his assertions, as required by Fed.R.Civ.Pro. 56(c). In light of plaintiff's pro se status, the court has generally reviewed plaintiff's deposition attached to defendant's motion, but nonetheless views the facts asserted by defendant as substantially undisputed.*

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which issued its right to sue letter thereafter. Plaintiff then filed this lawsuit.

## Analysis

Plaintiff asserts two claims under Title VII, based on defendant's refusal to give him "lead pay" and its suspension and termination of his employment. Plaintiff claims both adverse actions stem from racial and sex-based discrimination, as he is an African American male. Defendant seeks summary judgment on these claims, arguing that the termination claims have been abandoned, that plaintiff has not established a prima facie case of unlawful discrimination, and that he has not presented evidence suggesting that defendant's nondiscriminatory reasons for the adverse actions were pretextual.

Plaintiff has not offered any direct evidence of racial or sex-based discrimination, so his claims must be evaluated under the framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Notari v. Denver Water Dept., 971 F.2d 585, 589-90 (10th Cir. 1992). Applying that framework here, plaintiff must establish a prima facie case of discrimination by offering evidence that he (1) belongs to a protected class, (2) suffered an adverse employment action, and (3) that the adverse action occurred in circumstances giving rise to an inference of unlawful discrimination. Barlow v. C.R. England, Inc., 703 F.3d 497, 505 (10th Cir. 2012). If the plaintiff establishes the prima facie case, the burden then shifts to the defendant to show a "legitimate, nondiscriminatory reason" for the adverse action. McDonnell Douglas, 411 U.S. at 802. If the defendant meets that burden, the burden then shifts to the plaintiff to offer evidence

indicating that the employer's stated reason was merely a pretext for the real, discriminatory motivation. *Id*. at 804.

The court concludes plaintiff's submissions fail to make out a prima facie case of discrimination and fail to suggest pretext in response to defendant's stated reasons for its actions.

To the extent that plaintiff's claims are based on him not being given "lead pay," he offers no evidence to suggest he was entitled to that pay. To the contrary, the undisputed facts show that he was not entitled to lead pay due to the nature of his work. He does not dispute that he worked in "leadless" buildings.[2] He also has not offered evidence that persons of any other race or sex, and who were otherwise similarly situated, received lead pay when he did not. Defendant urges other grounds for rejecting this claim, based on failure to exhaust other remedies or the like, but it is unnecessary to consider those grounds in light of the determination plaintiff was not entitled to "lead" pay.

Plaintiff has also not offered any evidence which would support an inference that race or sex was the basis for his termination. It is undisputed that the owner and operations manager of defendant are, like plaintiff, African-American. Similarly, the persons who hired the plaintiff, supervised him, and ultimately fired him were also African-American.

---

[2] *Plaintiff does not dispute the substance of defendant's Fact #24, but makes an apparently unrelated allegation as to his use of a personal vehicle.*

There is some suggestion in plaintiff's deposition that he now seeks to assert a claim based on harassment of him based on his race or sex. His complaint, however, asserts no such claim and the court declines to consider such a claim now. *See* Lawmaster v. Ward, 125 F.3d 1341, 1346 n.2 (10th Cir. 1997) (declining to consider a claim not asserted in the complaint). Moreover, even if such a claim was properly before the court, plaintiff's own description of the "harassment" suggests it was not on the basis of race or sex.[3]

In sum, plaintiff's submissions are insufficient to establish a prima facie case of wrongful discrimination or to rebut as pretext defendant's stated reasons for terminating plaintiff.

## Conclusion

The undisputed facts show defendant to be entitled to summary judgment on all claims. Defendant's motion for summary judgment [Doc. #28] is therefore **GRANTED.** Judgment will be entered for defendant.

**IT IS SO ORDERED**

Dated this 30th day of November, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[3] *Asked if the "harassment" by his first supervisor, Mr. Morman, was based on a protected characteristic, plaintiff replied "No. It was harassment due to the fact of constantly telling us what has to be done with our job, we're doing our job." Pl. Dep. at 11. He also acknowledges the harassment by his second supervisor, Ms. Kelley, was not based on race, but was "Pretty much constant bitching and complaining about anything." Pl. Dep. at 81.*